01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDULLAH BILAL,                              )   Case No. 04-2507-JLR-JPD
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )
                                             )   ORDER GRANTING MOTION
JOSEPH LEHMAN, et al.,                       )   TO APPOINT COUNSEL
                                             )
            Defendants.                      )
_____      )

Plaintiff is proceeding pro se and in forma pauperis ("IFP") in this 42 U.S.C. § 1983 civil rights action against several employees of the Washington Department of Corrections. This matter comes before the Court upon plaintiff's October 11, 2005, Motion To Appoint Counsel. Dkt. No. 21. In it, plaintiff argues that counsel should be appointed, because (1) he is indigent; (2) he has been unable to hire an attorney; (3) the issues in his case are complex; and (4) he has no knowledge of the law. *Id.* Defendants respond that plaintiff is not entitled to counsel, because he has had no difficulty presenting his claims. Dkt. No. 22. They also argue that the mere fact plaintiff is indigent and incarcerated does not entitle him to court-appointed counsel. *Id.* Having carefully reviewed plaintiff's motion, defendants' response, and the record, the Court ORDERS:

(1)      Plaintiff's Motion To Appoint Counsel, Dkt. No. 21, is GRANTED. Although there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983, the Court has discretion to request that counsel represent a party proceeding IFP under exceptional

ORDER GRANTING
MOTION TO APPOINT COUNSEL
PAGE -1

01  circumstances.  28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

02  1986); *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995); *Terrell v.*

03  *Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires

04  an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

05  articulate his claims pro se in light of the complexity of legal issues involved.  *Wilborn*, 789

06  F.2d at 1331.  Neither of these considerations is dispositive; rather they must be considered

07  together.  *Terrell*, 935 F.2d at 1017.  Athough plaintiff's pleadings demonstrate a basic

08  understanding of law and an ability to articulate his claims, his pleadings raise a complex issue.

09  Therefore, plaintiff has sufficiently demonstrated that his case involves exceptional

10  circumstances that warrant appointment of counsel.

11          (2)     The Clerk is directed to appoint counsel and to send a copy of this Order to

12  plaintiff, counsel for the defendants, and to the Honorable James L. Robart.

13          (3)     All noting deadlines and noting dates shall be stricken and will be reset by the

14  Court after counsel has been appointed.  The noting date for the petitioner's pending Motion

15  For Extension of Time To Complete Discovery, Dkt. No. 23, is stricken and the motion is

16  stayed pending appointment of counsel.

17          DATED this 2d day of November, 2005.

18

19                                                          JAMES P. DONOHUE
20                                                          United States Magistrate Judge

21

22

23

24

25

26

ORDER GRANTING
MOTION TO APPOINT COUNSEL
PAGE -2