01

02

03

04

05

06

07                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
08                                  AT SEATTLE

09  ABDULLAH F. BILAL,                    )
                                          )
10            Plaintiff,                   )   Case No. 04-2507-JLR-JPD
                                          )
11      v.                                )
                                          )   ORDER GRANTING
12  JOSEPH LEHMAN et al.,                  )   PLAINTIFF'S MOTION TO AMEND
                                          )
13            Defendant.                   )
    _____ )

14

15          This matter comes before the Court upon plaintiff's motion to amend his 42 U.S.C. §

16  1983 complaint in order to add a claim under the Religious Land Use and Institutionalized

17  Persons Act ("RLUIPA"), and to add additional defendants.  Dkt. No. 36.  Plaintiff argues

18  that amendment will facilitate the efficient resolution of relevant issues because it will

19  remove the need to bring a separate suit against the proposed new defendants.

20          Defendants oppose the motion.  Dkt. No. 39.  They argue that amendment is futile

21  because they are entitled to qualified immunity, and that RLUIPA does not apply to

22  plaintiff's current place of confinement because it does not receive federal funds.  They also

23  argue that amendment is inefficient and prejudicial.  Having carefully considered the parties'

24  papers and supporting materials, the Court GRANTS plaintiff's motion to file a first amended

25  complaint.  Dkt. No. 36.

26

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -1

01                          I.  FACTS AND PROCEDURAL BACKGROUND

02          On January 21, 2005, plaintiff filed a pro se  42 U.S.C. § 1983 complaint against

03   several officials at the Monroe Correctional Complex in Monroe, Washington ("MCC"), the

04   facility in which he was then incarcerated.  Dkt. No. 6.  Plaintiff alleged that MCC officials

05   had violated his civil rights by refusing to provide him with appropriate Muslim meals that

06   included halal meat, even though it accommodated Jewish inmates by providing them with

07   kosher meals that included meat.  Plaintiff completed his prison sentence and immediately

08   was civilly committed under Washington's sexually violent predator statute.  He is now being

09   held indefinitely at the Special Commitment Center on McNeil Island ("SCC").

10          The SCC is a civil facility that is operated by the Washington State Department of

11   Social and Health Services ("DSHS").  Decl. of Glora S. Hong, Ex. 2 (Dkt. No. 37).  DSHS

12   receives federal funds for its operations, but none of those funds are directed to the SCC.[1]

13   Decl. of Linda Egge (Dkt. No. 39, Ex. 1).  SCC shares facilities with the McNeil Island

14   Corrections Center, a state prison operated by the Department of Corrections.  Dkt. No. 37,

15   Ex. 2.

16          Proceeding through court-appointed counsel, plaintiff now seeks leave to file a first

17   amended complaint.  Dkt. No. 36.  Plaintiff alleges that the SCC, like MCC, refuses to

18   provide him with halal meals that include meat, even though Jewish residents are provided

19   with kosher meals that include meat.  Plaintiff alleges that this violates RLUIPA and that it

20   violates his rights under the Free Exercise, Establishment, and Equal Protection Clauses of

21   the United States Constitution and 42 U.S.C. § 1983.

22          In response, defendants argue that amendment is futile because they are entitled to

23   qualified immunity, and that RLUIPA does not apply to SCC since it does not receive federal

24   funds.  Dkt. No. 39.  They also argue that defendants are entitled to qualified immunity, and

25   ────────────────

26          [1]Ms. Egge's declaration does not state that DSHS receives federal funds, but this was
     conceded at oral argument.

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -2

01  that amendment will prejudice them and unnecessarily prolong disposition of the case.

## II.  ANALYSIS

03     A.     Amendment is Appropriate Under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15 permits a party to amend his complaint upon leave of the court and states that such "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to allow a party to amend pleadings rests "within the sound discretion of the trial court" and should be "applied with extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal quotations and citations omitted).  Leave to amend ordinarily should be granted unless it would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.  *Id.* at 186.

Here, the record indicates that justice requires allowing plaintiff to amend his complaint.  Initially, plaintiff brought this suit against officials at MCC.  Subsequently, he was committed and moved to the SCC.  Because plaintiff's claims against both existing and proposed defendants are virtually indistinguishable, allowing him to amend his complaint to add the SCC defendants and the RLUIPA claim will promote efficient resolution of the issues and prevent plaintiff from having to file a separate suit against the proposed SCC defendants, a course of action he has indicated he would pursue if the motion is denied.  While different legal standards may apply to different defendants because of plaintiff's status as a prisoner and detainee, the Court is confident that counsels' efforts in this case will assist the Court adequately to resolve any complexities that may arise due to the distinction of the plaintiff's change in status.

Moreover, allowing plaintiff to amend will cause defendants little prejudice.  Defendants noted that a motion to amend should not be used to circumvent summary judgment, and that they withdrew a motion for summary judgment that was filed before the Court appointed pro bono counsel to represent the plaintiff.  Dkt. Nos. 31, 32, 39 at 10.

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -3

01  There is no indication that the present motion to amend was filed to thwart defendants'

02  motion for summary judgment, nor for any other dilatory purposes.  Rather, the motion is a

03  good faith effort by pro bono counsel to ensure plaintiff's claims are brought before the

04  Court.

05       Allowing the proposed amendment will result in minimal delay only.  The schedule

06  for this case has already been established.  Defendants have known for some time that the

07  motion to amend would be filed and that the Court would hear oral arguments on this motion.

08  Dkt. Nos. 34-35.  Additionally, the substance of plaintiff's amended complaint is

09  substantially similar to the first.  Hence, defendants are unlikely to be prejudiced by the

10  surprise of new legal arguments or factual scenarios.  Because little prejudice or delay will

11  result, and because the amendment will facilitate efficient resolution of the relevant issues,

12  justice requires granting the motion unless doing so would be futile.  As discussed below,

13  amendment is not futile.

14       B.    Amendment is Not Futile.

15       Defendants argue that allowing amendment is futile.  They argue that plaintiff's

16  claims are not ripe and that RLUIPA does not apply to the SCC.  Dkt. No. 39.  Also, they

17  argue that amendment is futile because the SCC defendants are entitled to qualified

18  immunity.  These arguments do not warrant denial of the motion to amend.

19            1.    RLUIPA Applies Because DSHS Receives Federal Funds.

20       Defendants arguments notwithstanding, RLUIPA applies to the SCC.  RLUIPA

21  provides:

22        No government shall impose a substantial burden on the religious exercise of
          a person residing in or confined to an institution . . . unless the government
23        demonstrates that imposition of the burden on that person — (1) is in
          furtherance of a compelling governmental interest; and (2) is the least
24        restrictive means of furthering that compelling governmental interest.

25  42 U.S.C. § 2000cc—1(a).  The term "government" includes state governments, its

26  departments, agencies, instrumentalities, and officials thereof.  42 U.S.C. § 2000cc—5(4).

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -4

01  Similarly, the term "institution" includes state institutions that house the mentally ill.  42

02  U.S.C. § 2000cc—1(a) (citing 42 U.S.C. § 1997).

03          RLUIPA applies to "any case in which — . . . the substantial burden is imposed in a

04  program or activity that receives Federal financial assistance[.]"[2]   42 U.S.C. § 2000cc—1(b).

05  For purposes of RLUIPA, the term "program or activity" includes "*all* of the operations of a

06  department, agency . . . or other instrumentality of a State or of a local government[.]"  42

07  U.S.C. § 2000cc—5(6) (referring to 42 U.S.C. § 2000d—4a) (emphasis added).

08          The broad definitions of both "government" and "programs and activities" indicates

09  that RLUIPA is applicable to the proposed defendants.  SCC is a civil commitment institution

10  operated by DSHS.  Although SCC does not receive any federal funds directly, this fact is of

11  no consequence because DSHS receives federal funds and, by its plain terms, RLUIPA

12  applies to "*all* of the operations of a department, agency . . . or other instrumentality of a

13  State or of a local government[.]"  42 U.S.C. § 2000cc—5(6) (citing 42 U.S.C. § 2000d—4a)

14  (emphasis added).  This conclusion is consistent with the definitions discussed above and

15  with Congress's admonition that RLUIPA be broadly construed to "the maximum extent

16  permitted" to ensure protection of religious exercise.[3]  42 U.S.C. § 2000cc—3(g).

17              2.    Plaintiff's Claims Are Ripe.

18

19          [2]The second prong of that provision provides for jurisdiction if the "substantial burden
20  affects, or removal of that substantial burden would affect, commerce with foreign nations,
    among the several States or with Indian tribes." 42 U.S.C. § 2000cc—1(b).  In his reply, plaintiff
21  argues that jurisdiction is proper under this prong. Dkt. No. 40 at 3.  The Court need not address
    this issue because it finds RLUIPA applicable under its spending clause prong.

22          [3]A different conclusion was reached in the unpublished decision in *Strauss v. Nerio*, W.D.,
23  Wash., Case No. 02-544-RJB, Dkt. No. 195.  *Strauss* involved a claim brought by a Jewish SCC
    resident who argued that his rights had been violated when he was denied access to Bazooka
24  bubble gum.  The Court held that denying plaintiff access to chewing gum did not violate the
    Equal Protection Clause and dismissed plaintiff's RLUIPA claims relating to the SCC.  The Court
25  stated that RLUIPA did not apply to the SCC because it did not receive federal funds.  However,
    *Strauss* was decided in the context of whether the RLUIPA claim had been properly raised before
26  a magistrate judge.  It is not clear that the decision was based on similar facts now presented.

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -5

01      Defendants also argue that amendment is futile because plaintiff's claim against the

02   proposed defendants is not ripe. Dkt. No. 39. Defendants argue that plaintiff has not

03   exhausted his administrative remedies, and that the proposed SCC defendants have not had an

04   adequate opportunity to respond to plaintiff's requests for halal meals. Dkt. No. 39 at 6.

05      An action is considered unripe "when the issues are not sufficiently concrete for

06   judicial resolution." *Western Oil and Gas Ass'n v. Sonoma County*, 905 F.2d 1287, 1290 (9th

07   Cir. 1990) (internal citations omitted). Therefore, the ripeness inquiry asks "whether there yet

08   is any need for the court to act[.]" *Id.* (citing Wright, Miller & Cooper, *Federal Practice and*

09   *Procedure,* § 3532.1 (2d ed. 1984)). Here, defendants conceded at the hearing that plaintiff is

10   not a prisoner proceeding under the Prison Litigation Reform Act and is under no obligation

11   to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). As it stands now, plaintiff was

12   denied halal meals with meat at MCC and continues to be denied his requested meals at the

13   SCC, despite the fact that he arrived in June of 2005. While the proposed defendants may

14   very well be attempting to accommodate plaintiff's request, allowing amendment will not

15   preclude or otherwise impede that effort. The claims against the proposed and existing

16   defendants are therefore sufficiently ripe for review.

17          3.    Qualified Immunity Defenses Do Not Render Amendment Futile.

18      Defendants argue that amendment is futile because they are entitled to qualified

19   immunity. Dkt. No. 39 at 8. Regardless of its merits, this defense is premature in the context

20   of a motion to amend. It is not clear from defendants' papers whether they intend to assert

21   this defense for all defendants in all claims. In any case, qualified immunity does not

22   preclude suits for injunctive and declaratory relief against defendants in their official

23   capacity. *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1472 (9th Cir.

24   1993). If defendants wish to raise the qualified-immunity defense, they may do so in a

25   motion to dismiss.

26                                III.  CONCLUSION

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -6

01          For the reasons discussed above, plaintiff's motion to amend is GRANTED.  Plaintiff

02   is directed to serve the amended complaint.  The Clerk is directed to send a copy of this order

03   to the parties and to the Honorable James Robart.

04          DATED this 16th day of March, 2006.

05                                                    *James P. Donohue*

06                                              JAMES P. DONOHUE

07                                              United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND
PAGE -7