UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULLAH BILAL, | ) |
| | ) |
| Plaintiff, | ) Case No. C04-2507-JLR-JPD |
| | ) |
| v. | ) |
| | ) ORDER |
| JOSEPH LEHMAN, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Abdullah Bilal is proceeding through counsel in this civil rights action against two groups of defendants: (1) the State of Washington and individuals associated with his now-concluded criminal sentence at the Monroe Correctional Complex ("DOC Defendants"); and (2) individuals associated with his present civil confinement at the Special Commitment Center on McNeil Island ("SCC Defendants"). During the pretrial scheduling conference, defendants indicated that they wished to file motions to dismiss based on qualified immunity. Dkt. No. 53. The Court directed that such motions be filed concurrently and directed that discovery be stayed until the motions were decided. *Id*. Instead, the SCC defendants sought to file a motion for summary judgment and the DOC defendants filed a separate motion to dismiss. Dkt. Nos. 55, 56. Having carefully considered the parties' motions and balance of the record, the Court ORDERS as follows:

(1) The noting date for the DOC Defendants' motion to dismiss, (Dkt. No. 56), is STRICKEN and the motion will be HELD IN ABEYANCE pending the submission of summary judgment motions by the SCC Defendants and plaintiff. The Court will consider all

ORDER
PAGE -1

01 of the motions at that time.  Alternatively, the DOC Defendants may withdraw and substitute
02 the motion to dismiss with a motion for summary judgment.  Such motion, however, must be
03 filed by the dispositive motion deadline.  *See* Dkt. No. 60.

04 Federal courts have wide discretion to schedule motions and pretrial procedure in
05 order to ensure a fair and efficient resolution of the relevant issues.  *See, e.g, Zivkovik v.*
06 *Southern California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Government
07 defendants are entitled to raise the qualified immunity defense in a motion to dismiss, in order
08 to avoid the burden of unnecessary litigation and costly pretrial procedure.  *Behrens v.*
09 *Pelletier,* 516 U.S. 299, 308 (1996).  Nevertheless, raising the defense early in litigation is
10 often imprudent where, as here, a minimal factual record limits the Court's ability to perform
11 a thorough qualified immunity analysis.  *Kwai Fun Wong v. United States*, 373 F.3d 952, 957
12 (9th Cir. 2004).

13 At this point, resolution of the DOC Defendants' motion to dismiss would be an
14 imprudent and inefficient use of judicial resources.  This case involves issues of law and fact
15 similar to both sets of defendants.  The Court's initial scheduling order, issued with the
16 agreement of the parties, sought to ensure that duplicative motions to dismiss would not waste
17 judicial resources and prejudice plaintiff.  Yet, that is precisely the scenario that has emerged.
18 Delaying consideration of the DOC Defendants' motion to dismiss will result in a fairer and
19 more efficient resolution of the issues in this case.  Moreover, little, if any prejudice will
20 result.  The parties agree that minimal discovery is appropriate and the summary judgment
21 deadline is less than sixty days away.

22 (2) The Clerk is directed to send a copy of this order to the parties and to the
23 Honorable James L. Robart.

24 DATED this 20th day of June, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE -2